UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SILVIA SZELIGA,

Plaintiff,

v. Case No.: 2:26-cv-1913-SPC-KRH

NAPLES COMMUNITY HOSPITAL, INC. d/b/a NCH NORTH NAPLES HOSPITAL,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Silvia Szeliga's motion to remand. (Doc. 15). Defendant Naples Community Hospital, Inc. d/b/a NCH North Naples Hospital failed to timely respond. Therefore the Court treats the motion as unopposed. *See* M.D. Fla. R. 3.01(d) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). For the below reasons, the Court grants the motion.

Plaintiff brought this action for retaliatory discharge in state court. She brings several claims based on Fla. Stat. § 440.205 (Count I), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA") (Counts II–IV), and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*. (Counts V–VII). (Doc. 2). Defendant removed this action to federal court based on federal question

jurisdiction, as Plaintiff brought claims under the ADA. (Doc. 1). Plaintiff moves to sever and remand Count I, arguing that it is nonremovable. The Court agrees with Plaintiff.

Federal law prohibits the removal of certain types of actions by designating them as non-removable. *See* 28 U.S.C. § 1445. Relevant here, "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Removal statutes must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Mack v. USAA Cas. Ins. Co.*, 994 F.3d 1353, 1359 (11th Cir. 2021) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

Remand is warranted because Count I arises under Florida's workers' compensation laws. Fla. Stat. § 440.205 provides that "[n]o employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." Further, section 440.205 is listed under Chapter 440 of the Florida Statues, which are dedicated to workers compensation. So, Count I is nonremovable under 28 U.S.C. § 1445(c).

Because removal of Count I is improper, the Court severs that count and remands it to state court. *See, e.g.*, *Smith v. Baycare Health Sys., Inc.*, No.

8:26-CV-1765-KKM-SPF, 2026 WL 1823624, at *1 (M.D. Fla. June 23, 2026) (severing and remanding claim under 28 U.S.C. § 1445(c)); *Coleman v. C&S Wholesale Grocers, Inc.*, No. 19-20130-CIV, 2019 WL 13235811, at *3 (S.D. Fla. Aug. 26, 2019) ("Under 28 U.S.C. section 1441(c), district courts 'shall sever' all claims made nonremovable by statute when, as here, they are initially removed as part of a civil case including a separate claim with federal question jurisdiction.")

Accordingly, it is now **ORDERED:**

1. Plaintiff Silvia Szeliga's Motion to Remand (Doc. 15) is **GRANTED**.
2. Count I of the Amended Complaint (Doc. 2) is **SEVERED** from this action. The remaining counts shall remain before the undersigned.
3. The Clerk is directed to **REMAND** Count I to the Twentieth Judicial Circuit, in and for Collier County, Florida.
4. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit, in and for Collier County, Florida, with respect to case number 11-2025-CA-002108.

**DONE** and **ORDERED** in Fort Myers, Florida on July 21, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record